**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW W. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-cv-00886-HEA |
| | ) |
| AUGUST A. BUSCH, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Matthew Miller's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having considered the Application and the financial information therein, the Court finds that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Nevertheless, the Court will dismiss this action for the reasons discussed below.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations are clearly baseless if they are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

**The Complaint**

Plaintiff brings this action against Presidents Joe Biden, George H. W. Bush, Bill Clinton, George W. Bush, Barack Obama, and Donald Trump. Plaintiff also sues Judge Shirley Padmore Mensah, August A. Busch, Tomas Hartgrewe, William K. Busch, Joel Emerson, and Eric Emerson. He asserts that all defendants "accepted and paid people for bribes" and "committed cover-ups for wrongdoing." Plaintiff further contends that at least five of the defendants engaged in an illegal "cover-up" for attempted murder. He states that Eric Emerson assaulted him "after a waking from a malicious throw from an extreme height and took part in the illegal treatment of cover up." He also states that William K. Busch assaulted him "four hundred times" and threw him from a multistory building. Plaintiff seeks "the amount of [his] home loan, one Chevrolet Silverado, one Chevrolet Trail Blazer SS, one new dirt bike and one new Harley Davidson."

**Discussion**

The Court has thoroughly reviewed the Complaint and can discern no plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are required to set forth their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff has not done so here. While this Court must liberally construe pro se filings, it will not construct claims or assume facts that Plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). For these reasons, the Court finds that Plaintiff has not asserted a plausible claim to relief.

Plaintiff's allegations are also irrational and wholly incredible. He asserts that all defendants, including several U.S. Presidents, accepted and paid bribes for unspecified

wrongdoings. He claims at least five defendants illegally "covered-up" an attempted murder. He also alleges that at least two defendants threw him from "extreme heights." Despite the gravity of these allegations, Plaintiff offers no further information or explanation. These claims are clearly baseless and lack any grounding in law or fact. *See Martinez*, 977 F.2d at 423.

## Conclusion

For the foregoing reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of August, 2024.

                        HENRY EDWARD AUTREY
                        UNITED STATES DISTRICT JUDGE